UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

THOMAS ANTHONY SANTAGATA, JR.,

                Plaintiff,                          NOT FOR PUBLICATION

      -against-                             **MEMORANDUM & ORDER**
                                                          17-CV-3053 (PKC) (CLP)
CITY OF NEW YORK, NEW YORK
POLICE DEPARTMENT, OFFICERS
EDGARDO DIAZ and RYAN McAVOY,
LEGAL AID SOCIETY,

                Defendants.
----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      On April 12, 2017, Plaintiff Thomas Anthony Santagata, Jr., currently incarcerated at Gouverneur Correctional Facility, filed this *pro se* action against Defendants. By Order dated May 15, 2017, the United States District Court for the Southern District of New York transferred the action to this Court. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons stated below, the Complaint is dismissed as to Defendants the City of New York ("the City"), the New York [City] Police Department ("the NYPD"), and the Legal Aid Society.

## BACKGROUND

      Plaintiff alleges that he was falsely arrested on November 6, 2014, by NYPD Officer Edgardo Diaz, and that he was again falsely arrested on July 22, 2015, by NYPD Officer Ryan McAvoy. (*See* Complaint ("Compl."), Dkt. 2, at 4-5.) On November 6, 2014, according to Plaintiff's Complaint, Officer Diaz grabbed Plaintiff, who was sitting in his vehicle in his

driveway, searched Plaintiff's pockets and his car, and then arrested him after finding one knife on Plaintiff and another in the armrest of Plaintiff's car. (*Id.* at 4.) Plaintiff also alleges that Officer Diaz "manipulated" evidence by loosening the blade of the knife found in Plaintiff's car and thereby causing Plaintiff to be charged with possession of a gravity knife. (*Id.*)

On July 22, 2015, Plaintiff alleges that Officer McAvoy—who came to his house in response to neighbors' 911 calls complaining about Plaintiff—entered Plaintiff's home without a warrant by breaking down the front door and then arrested Plaintiff. (*Id.* at 5.) The charges related to both arrests were allegedly dismissed. *Id.*

Plaintiff further alleges that the Legal Aid Society committed "legal malpractice" by failing to challenge the civil forfeiture of his vehicle, a 2000 Ford Mustang. *Id.* at 5. He seeks unspecified damages. *Id.*

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to

raise the strongest arguments that [it] suggest[s]," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996); *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest") (internal citations and quotations omitted). However, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Courts generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

The Court construes the Complaint to assert, under 42 U.S.C. § 1983, claims of false arrest, false imprisonment, unlawful searches and seizure in violation of the Fourth Amendment, fabrication of evidence, and malicious prosecution. The Court also construes the Complaint to assert a claim of municipal liability, *i.e.*, a *Monell* claim, against the City, based on his Section 1983 claims.

I.   Dismissal of *Monell* Claim Against the City

A municipality may be liable under Section 1983 if a municipal "policy or custom" causes "deprivation of rights protected by the Constitution." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978); *see also Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). For a *Monell* claim to survive a motion to dismiss, a plaintiff must allege "sufficient factual detail" and not mere "boilerplate allegations" that the violation of the

3

plaintiff's constitutional rights resulted from the municipality's custom or official policy. *Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) (collecting cases). A plaintiff must show the existence of an officially adopted policy or custom that caused injury *and* a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell*, 436 U.S. at 690–94. Here, Plaintiff fails to allege any facts to show that the Defendant officers acted pursuant to any municipal policy or custom. Therefore, Plaintiff's Complaint against the City is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A; 1915(e)(2)(B). *See Plair v. City of N.Y.*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) ("Following *Iqbal* and *Twombly*, *Monell* claims must satisfy the plausibility standard . . . ."); *see also Meehan v. Kenville*, 555 F. App'x 116, 117 (2d Cir. 2014) (summary order) (claim against municipal entity was properly dismissed under 28 U.S.C. § 1915 for "failure to plausibly allege that any constitutional violation resulted from a custom, policy or practice of the municipality").

II.   Dismissal of Claims Against the NYPD

Plaintiff's claims against the NYPD must be dismissed because it is not a suable agency of the City. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C., N.Y. Charter ch. 17, § 396. That provision has been construed to mean that the NYPD is not a suable entity. *See, e.g.*, *Jenkins v. City of N.Y.*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity); *Lopez v. Zouvelos*, No. 13 CV 6474 (MKB), 2014 WL 843219, at *2 (E.D.N.Y. Mar. 4, 2014) (dismissing all claims against the NYPD); *Johnson v. N.Y.C. Police Dep't*, No. 12 CV 5423 (BMC), 2012 WL 5607505, at *3 (E.D.N.Y. Nov. 15, 2012). For this reason, Plaintiff's claims against the NYPD are dismissed for failure to state a claim. 28 U.S.C. §§ 1915A; 1915(e)(2)(B).

III.     Dismissal of Claims Against the Legal Aid Society

The Legal Aid Society is not a State actor amenable to suit under Section 1983. *See Caroselli v. Curci*, 371 F. App'x 199, 201 (2d Cir. 2010) (summary order); *see also Schnabel v. Abramson*, 232 F3d 83, 87 (2d Cir. 2000) ("a legal aid society ordinarily is not a state actor amenable to suit under § 1983."); *Szabo v Legal Aid Soc'y.*, No. 17-MC-219 (PKC), 2017 WL 1401296, at *4 (E.D.N.Y. Apr. 19, 2017) (citing cases); *Daniel v. Safir*, 135 F.Supp.2d 367, 374 (E.D.N.Y. 2001). Thus, Plaintiff's claim against the Legal Aid Society is dismissed for failure to state a claim. 28 U.S.C. §§ 1915A; 1915(e)(2)(B).

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed as to the City of New York, the New York Police Department, and the Legal Aid Society pursuant to 28 U.S.C. §§ 1915A; 1915(e)(2)(B). No summons shall issue as to these Defendants.

Plaintiff's claims against Police Officer Edgardo Diaz, Shield No. 9558, of the 122th Precinct, and Police Officer Ryan McAvoy, Shield No. 7039, of the 122 Precinct, alleging false arrest, false imprisonment, violation of his Fourth Amendment Right against "unreasonable searches and seizures," and intentional infliction of emotional distress shall proceed. The Clerk of Court is directed to prepare a summons against Police Officers Diaz and McAvoy, and the United States Marshals Service is directed to serve the summons and complaint upon these defendants without prepayment of fees.

The Clerk of Court is respectfully directed to serve a copy of this Order, a copy of the Complaint, and a copy of the *in forma pauperis* application on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The Clerk of Court is also respectfully

5

directed to mail a copy of this Order to Plaintiff. The case is respectfully referred to the Honorable Cheryl L. Pollak, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                                                 SO ORDERED.

                                                               */s/ Pamela K. Chen*
                                                               Pamela K. Chen
                                                               United States District Judge

Dated: July 11, 2017
       Brooklyn, New York