UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
THOMAS ANTHONY SANTAGATA, JR.,

               Plaintiff,

        - against -

OFFICERS EDGARDO DIAZ and
RYAN McAVOY,

               Defendants.
------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-3053 (PKC) (CLP)

PAMELA K. CHEN, United States District Judge:

On April 12, 2017, Plaintiff Thomas Anthony Santagata, Jr., currently incarcerated at Gouverneur Correctional Facility, filed this *pro se* action against Defendants. By Memorandum and Order dated July 11, 2017, the Court granted Plaintiff's request to proceed *in forma pauperis*, dismissed the Complaint as to the City of New York, the New York City Police Department, and the Legal Aid Society, and permitted the Complaint to proceed against Police Officers Edgardo Diaz and Ryan McAvoy. On July 20, 2017, Plaintiff filed a letter-motion seeking to amend the Complaint to name the individual Legal Aid Society attorney, Steven Wasserman. (Pl. Motion, Dkt. 11). Plaintiff's motion is denied as set forth below.

## BACKGROUND

Plaintiff alleges that he was falsely arrested on November 6, 2014, by Police Officer Edgardo Diaz, and that he was again falsely arrested on July 22, 2015, by Police Officer Ryan McAvoy. (*See* Complaint ("Compl."), Dkt. 2, at 4-5.) Plaintiff further alleges that the Legal Aid Society committed "legal malpractice" in failing to challenge the civil forfeiture of his vehicle, a 2000 Ford Mustang. *Id.* at 5.

**LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where the court is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief can be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

**DISCUSSION**

The Court has liberally construed Plaintiff's Complaint to assert violations of his constitutional rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (*See* Mem. and Ord at 3, Dkt. 9 at 3.) To state a claim under Section 1983, "a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United

States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999); *see Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005).

It is well-settled law that the Legal Aid Society and its attorneys do not act under color of state law by representing clients. *See Caroselli v. Curci*, 371 F. App'x 199, 201 (2d Cir. 2010) (summary order); *Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) ("It is well established that private attorneys–even if the attorney was court-appointed–are not state actors for purposes of § 1983 claims."); *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) ("[A] legal aid society ordinarily is not a state actor amenable to suit under § 1983."); *Szabo v Legal Aid Soc'y.*, No. 17-MC-219 (PKC), 2017 WL 1401296, at *4 (E.D.N.Y. Apr. 19, 2017) (citing cases); *Daniel v. Safir*, 135 F. Supp. 2d 367, 374 (E.D.N.Y. 2001) ("[I]t is well-established that the Legal Aid Society and its attorneys do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." (citation and quotation marks omitted)). For this reason, Plaintiff's letter-motion to amend the Complaint to include Steven Wasserman, an attorney for the Legal Aid Society, is denied as this defendant would be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, Plaintiff's letter-motion seeking to amend the complaint to include Steven Wasserman is denied pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.


/s/ Pamela K. Chen
_____
Pamela K. Chen
United States District Judge

Dated: October 6, 2017
      Brooklyn, New York