1/19/18

Judge Chen,

Enclosed is my rap sheet detailing which charges I was convicted of and which charges were dismissed by the DA on February 16, 2017. As I conveyed to you during the conference call on January 12, 2018 I had a severance motion that took the 26-count indictment and separated the counts back into three cases, as they were separate arrests. I was tried and convicted on 5 counts from the final arrest, the July 24th 2015 search warrant case. The November 6, 2014 and July 22, 2015 arrests were dismissed on all counts without any plea deal. Also enclosed is the DA sentencing memorandum that summarizes the trial, the counts I was convicted on, and the recommended sentence to be imposed. I am also enclosing a letter from the DA to the trial court that mentions the severance motion and notes that there was two other cases on for trial after I was sentenced on the first trial. I would like to state that I was not told to provide the court with the Staten Island Advance front-page articles as Ms. Mitchell was able to locate the July 2015 article, however I received an order stating the court could not locate the article yesterday. And that I must provide it by January 26, I expect it to arrive in time but I ask to keep in mind that I just spoke to my mom today and told her to mail the articles to you immediately. As Ms. Mitchell alluded to, there are multiples articles that are criminal-related, three in fact. The last was February 17, 2017 that says I was convicted and sentenced to six years, the July 29, 2015 is the article I reference in my complaint, but as Ms. Mitchell reminded me, the May 21, 2014 front-page article was also slanderous. Officer McAvoy and his partner Chris Rinelli arrested me on Kidnapping 1st degree, case was dismissed.

| | |
|---|---|
| **Name:** | THOMAS SANTAGATA |
| **Date of Birth:** | November 25, 1985 |
| **Sex:** | Male |
| **Race:** | White |
| **Ethnicity:** | Not Hispanic |
| **Height:** | 5' 08" |
| **Weight:** | 165 |
| **Age at time of crime/arrest:** | 28 |
| **Address:** | 3 CASCADE STREET, STATEN ISLAND, NY 10306 |
| **Fax Number:** | I8253 |
| **Place of Arrest:** | NYCPD 122 |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | November 06, 2014 |
| **Place of Crime:** | NYCPD 122 |
| **Criminal Justice Tracking No.:** | 66888106K |
| **Arresting Agency:** | NYCPD PCT 122 |
| **Arresting Officer ID:** | 948883 |
| **Arrest Number:** | S14612300 |
| **Arraignment:** | Richmond County Criminal Court |

**Arrest Charges:**

-- Criminal Mischief -2nd Degree
   PL 145.10        Class D Felony        Degree 2 NCIC 2999

-- Criminal Possession Weapon-3rd: Previous Conviction
   PL 265.02   Sub 01   Class D Felony        Degree 3 NCIC 5212     *[handwritten: Mistake charged (IGNORE)]*

-- Criminal Mischief:Intent To Damage Property
   PL 145.00   Sub 01   Class A Misdemeanor Degree 4 NCIC 2999

-- Criminal Possession Weapon-4th:Firearm/Weapon
   PL 265.01   Sub 01   Class A Misdemeanor Degree 4 NCIC 5212

-- Disorderly Conduct:Fight/Violent Behavior
   PL 240.20   Sub 01            Violation        Degree 0 NCIC 5311

**Court Case Information**

—Court: Richmond County Criminal Court   Case Number: 2014RI010625

November 08, 2014
**Initial Report Of Docket Number**

November 08, 2014
**Arraigned**
   -- Criminal Mischief:Intent To Damage Property
       PL 145.00   Sub 01   Class A Misdemeanor  NCIC 2999

   -- Criminal Possession Weapon-4th:Firearm/Weapon

      PL 265.01     Sub 01  Class A Misdemeanor NCIC 5212

  -- Attempted Criminal Mischief:Intent To Damage Property
      PL 145.00     Sub 01  Class B Misdemeanor NCIC 2999

  -- Harassment-2nd Degree: Physical Contact
      PL 240.26     Sub 01          Violation    NCIC 7099

August 17, 2015
**Transferred To Superior Court**
  -- Criminal Mischief:Intent To Damage Property
      PL 145.00     Sub 01  Class A Misdemeanor NCIC 2999

  -- Criminal Possession Weapon-4th:Firearm/Weapon
      PL 265.01     Sub 01  Class A Misdemeanor NCIC 5212

  -- Attempted Criminal Mischief:Intent To Damage Property
      PL 145.00     Sub 01  Class B Misdemeanor NCIC 2999

  -- Harassment-2nd Degree: Physical Contact
      PL 240.26     Sub 01          Violation    NCIC 7099

--**Court:** Richmond County Supreme Court   **Case Number:** 00207-2015

August 19, 2015
**Initial Report Of Indictment Number**

August 19, 2015
**Arraigned**
  -- Criminal Possession Weapon 3rd Degree- Ammunition Feeding Device
      PL 265.02     Sub 08          Class D Felony     NCIC 5212

  -- Criminal Possession Weapon-3rd: Previous Conviction
      PL 265.02     Sub 01  Counts: 7  Class D Felony     NCIC 5212

  -- Criminal Possession Controlled Substance-5th:Intent To Sell
      PL 220.06     Sub 01          Class D Felony     NCIC 3599

  -- Menacing-2nd:Weapon
      PL 120.14     Sub 01  Counts: 5  Class A Misdemeanor NCIC 1316

  -- Criminal Mischief:Intent To Damage Property
      PL 145.00     Sub 01          Class A Misdemeanor NCIC 2999

  -- Criminal Possession Weapon-4th:Firearm/Weapon
      PL 265.01     Sub 01  Counts: 5  Class A Misdemeanor NCIC 5212

  -- Criminal Possession Weapon-4th:Intent To Use

PL 265.01     Sub 02   Counts: 3   Class A   Misdemeanor   NCIC 5212

-- Invalid Use Of A Credit Card With Intent To Defraud
PL 165.15     Sub 01                Class A   Misdemeanor   NCIC 2605    *Write on challenge form (IGNORE)*

-- Poss or Transport or Offer for Sale Unstampd Cigarettes Subject to Tax
TAX 1814     Sub B                  Class A   Misdemeanor   NCIC 6199

-- Attempted Criminal Mischief:Intent To Damage Property
PL 145.00     Sub 01                Class B   Misdemeanor   NCIC 2999

February 16, 2017
**Convicted Upon Verdict After Jury Trial** - Conviction Date: December 20, 2016
   -- Criminal Possession Weapon 3rd Degree- Ammunition Feeding Device
   PL 265.02              Sub 08           Class D       Felony        NCIC 5212

   **Sentenced to:**   Term: 6 Year(s) Post Release Supervision Time: 18 Month(s)
   **Sentence Date:** February 16, 2017

   -- Criminal Possession Weapon-3rd: Previous Conviction
   PL 265.02              Sub 01           Class D       Felony        NCIC 5212

   **Sentenced to:**   Term: 1 Year(s) to 3 Year(s)
   **Sentence Date:** February 16, 2017

   -- Criminal Possession Weapon-3rd: Previous Conviction
   PL 265.02              Sub 01           Class D       Felony        NCIC 5212

   **Sentenced to:**   Term: 1 Year(s) to 3 Year(s)
   **Sentence Date:** February 16, 2017

   -- Criminal Possession Controlled Substance-5th:Intent To Sell
   PL 220.06              Sub 01           Class D       Felony        NCIC 3599

   **Sentenced to:**   Term: 1 Year(s) Post Release Supervision Time: 1 Year(s) License Suspended 6 Month(s)
   **Sentence Date:** February 16, 2017

   -- Criminal Possession Stolen Property-4th:Property Value Exceeds $1000
   PL 165.45              Sub 01           Class E       Felony        NCIC 2804

   **Sentenced to:**   Term: 6 Month(s)
   **Sentence Date:** February 16, 2017

February 16, 2017
**Dismissed**
   -- Criminal Possession Weapon-3rd: Previous Conviction
   PL 265.02     Sub 01   Counts: 5   Class D   Felony        NCIC 5212

→ -- Menacing-2nd: Weapon
   PL 120.14    Sub 01   Counts: 5   Class A   Misdemeanor   NCIC 1316

→ -- Criminal Mischief: Intent To Damage Property
   PL 145.00    Sub 01              Class A   Misdemeanor   NCIC 2999

→ -- Criminal Possession Weapon-4th: Firearm/Weapon
   PL 265.01    Sub 01   Counts: 5   Class A   Misdemeanor   NCIC 5212

→ -- Criminal Possession Weapon-4th: Intent To Use
   PL 265.01    Sub 02   Counts: 3   Class A   Misdemeanor   NCIC 5212

-- Invalid Use Of A Credit Card With Intent To Defraud
   PL 165.15    Sub 01              Class A   Misdemeanor   NCIC 2605

-- Poss or Transport or Offer for Sale Unstampd Cigarettes Subject to Tax
   TAX 1814    Sub B                Class A   Misdemeanor   NCIC 6199

→ -- Attempted Criminal Mischief: Intent To Damage Property
   PL 145.00    Sub 01              Class B   Misdemeanor   NCIC 2999

**Interim release Status:** Remanded without bail

### ⬇ Cycle 28 ⬆

**Arrest/Charge Information**              *Colonnade waitress*
Arrest Date: September 29, 2014 03:40 pm (15:40:00)

| | |
|---|---|
| Name: | THOMAS A SANTAGATA |
| Date of Birth: | November 25, 1985 |
| Sex: | Male |
| Race: | White |
| Ethnicity: | Not Hispanic |
| Height: | 5' 09" |
| Weight: | 165 |
| SSN: | 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 |
| Age at time of crime/arrest: | 28 |
| Address: | 3 CASCADE STRE, STATEN ISLA, NY |
| Fax Number: | I7197 |
| Place of Arrest: | NYCPD 122 |
| Arrest Type: | Unknown |
| Date of Crime: | September 20, 2014 |
| Place of Crime: | NYCPD 122 |
| Criminal Justice Tracking No.: | 66827576P |
| Arresting Agency: | NYCPD PCT 122 |
| Arresting Officer ID: | 927813 |



OFFICE OF THE DISTRICT ATTORNEY
RICHMOND COUNTY

MICHAEL E. MCMAHON
DISTRICT ATTORNEY

130 STUYVESANT PLACE
STATEN ISLAND, NEW YORK 10301
TELEPHONE (718) 876-6300

January 6, 2017

Hon. Wayne M. Ozzi, J.S.C.
Supreme Court of the State of New York, County of Richmond
Richmond County Courthouse
26 Central Avenue
Staten Island, New York 10301

    Re:      *The People of the State of New York v. Thomas Santagata, Jr.*
    Ind. No.:  207/2015

Your Honor:

    After a 10 day jury trial, on December 20, 2016, a jury convicted Thomas Santagata of five felonies charged in the above indictment, for which he stands to be sentenced. Accordingly, the People of the State of New York, by and through the undersigned, respectfully submit this memorandum for your consideration regarding sentence to be imposed.

    The People request you impose sentence as follows: a determinate sentence of six years with an additional one and one-half year period of post-release supervision for Santagata's unlawful possession of a large capacity ammunition feeding device in violation of Penal Law § 265.02(8), served concurrently with indeterminate sentences of one to three years for each of the *per se* weapons that Santagata unlawfully possessed (metal knuckles and a metal knuckle knife) in violation of Penal Law § 265.02(1); a determinate sentence of one year with an additional one year period of post-release supervision for Santagata's criminal possession of a controlled substance, Alprazolam (Xanax), with intent to sell it in violation of Penal Law § 220.06(1), to be served concurrently with Santagata's sentences for violations of Penal Law § 265.02; and an indeterminate sentence, served concurrently with the above, of one to three years for Santagata's criminal possession of stolen property, an FDNY tablet computer, in violation of Penal Law § 165.45(1). This sentence, which would result in Santagata's imprisonment for six years – one-third of the possible maximum – is necessary to adequately punish Santagata for his crimes, reform his future conduct, protect his neighbors and society, and deter others from emulating him.

## BACKGROUND

The defendant graduated from Wagner High School with a "C" average and enlisted in the U.S. Marine Corps, beginning his active duty service on October 19, 2004. Def.'s Trial Ex. "J". He signed up for a four-year enlistment. *See* DD Form 4/3, Ex. "1" hereto, at § 20a. Santagata, who did not serve overseas or in combat, lasted as a Marine for just one year, ten months and eighteen days of his original enlistment. Def's Trial Ex. "J". He abandoned his post at Camp Pendleton, California from March 14, 2006 until April 5, 2006. On May 3, 2006, Lt. Colonel M.R. Robinson, his commanding officer, imposed the harshest non-judicial punishment available under Article 15 of the Uniform Code of Military Justice that a field grade officer can impose. Santagata could have refused this punishment and demanded a court martial. Instead, Santagata negotiated an early discharge, with an "honorable" designation, in exchange for waiving his right to appeal. The fact that the Marine Corps was willing to discharge the defendant from service under those conditions, while it fought two major conflicts in Iraq and Afghanistan, suggests the character of Santagata's service was well short of honorable. By offering the Marines a chance to be rid of him, Santagata procured an honorable discharge and the veterans' benefits that came with it.

Those veterans' benefits included opportunities to pursue higher education, health insurance, job training or placement assistance, all at little or no cost to the defendant, which could have helped him become a productive member of society. Instead, he became a drug dealer and neighborhood menace. In or around October 2006, after his discharge was processed, Santagata moved back to this state and began living in or near his family's home at 3 Cascade Street, in the Grant City neighborhood of Staten Island. *See* Trial Tr. at 590:9-15, 597:22-598:3; Def.'s Trial Ex. "J". His neighbors in Grant City remember the next ten years with fear and frustration: they call him a "horrible menace to our neighborhood," a "useless human being," who "has repeatedly announced that he can get away with anything he wants, that he is above the law and no one can touch him." *See* Letters from defendant's neighbors, attached hereto at Exhibit "2".

Santagata's criminal record supports his neighbors' assessment. At trial, he claimed that he "was somehow left behind" after his Marine service, suggesting his actions were caused by some unknown trauma during his truncated, non-combat enlistment. *See* Closing Argument, Tr. at 647:19-20. In fact, his first contact with the criminal justice system came in 2003, when he was adjudicated a youthful offender for his first violent crime – the attempted assault of his father. His criminality escalated, first with convictions for disorderly conduct in 2008 and 2009. Next came three misdemeanor convictions, for Criminal Possession of a Weapon, Criminal Possession of Marijuana in the Fifth Degree and Attempted Criminal Sale of Marijuana in the Fourth Degree, after a bench trial in February 2015. These convictions occurred while he was incarcerated pending trial on three misdemeanors charged in this indictment[1] but severed on consent of the People. Santagata's recorded phone calls during that period of incarceration, from November 2014 to March 2015, revealed him directing his mother, Jacqueline McNee, to acquire prescription pills from Kim Conte and sell untaxed cigarettes on his behalf.

---

[1] Counts 12-14, inclusive.



OFFICE OF THE DISTRICT ATTORNEY
RICHMOND COUNTY

MICHAEL E. MCMAHON
DISTRICT ATTORNEY

130 STUYVESANT PLACE
STATEN ISLAND, NEW YORK 10301
TELEPHONE (718) 876-6300

January 11, 2017

Hon. Wayne M. Ozzi, J.S.C.
Supreme Court of the State of New York, County of Richmond
Richmond County Courthouse
26 Central Avenue
Staten Island, New York 10301

    Re:        *The People of the State of New York v. Thomas Santagata, Jr.*
    Ind. No.:  207/2015

Your Honor:

The People oppose the defendant's request for an adjournment of sentencing on the above indictment, made by his counsel in her letter to the Court of January 10, 2017.

    Sentence must be pronounced without unreasonable delay. CPL 380.30(1). The defense has had more than three weeks to investigate the defendant's military service and psychosocial history. Even accounting for the intervening holidays, that is more than a reasonable amount of time. In fact, according to Ms. Pope's letter, a defense social worker and counsel have already met with the defendant to prepare for sentencing. Moreover, the defense's request for an adjournment fails to make any offer of proof as to what material testimony its "experts in military culture" would add to the upcoming proceedings. His military service records were obtained by the People and timely provided to the defense during pre-trial disclosure. Those records included the paperwork cited in the People's sentencing memorandum, as well as his DD-214 discharge form, which was admitted at trial, pursuant to stipulation, after the defense sought its introduction. *See* Trial Tr. at 580-584; 615-617. Furthermore, the defendant was well aware of the circumstances of his service disciplinary record and the manner in which he then procured an honorable discharge from the Marine Corps. He cannot now claim he needs more time to investigate what he already knew. The defendant first put his service at issue, and this matter has now been pending for over seventeen months.

    The defense's other contentions are also unavailing. All convicted defendants are entitled to a copy of the Department of Probation's presentence report "[n]ot less than one court day prior to sentencing." CPL 390.50(1)(a). However, no provision of law suggests that this statutory right exists to provide a defendant with the opportunity to review and respond to the report, as urged by the defense's letter request. To the contrary, the Court may, in its discretion,

withhold any portion of the presentence report from the parties to protect confidential sources of information, redact irrelevant information, or for other reasons it finds are in the interest of justice. *See Id.*

Moreover, there is no need to postpone sentencing on the counts of the indictment for which the defendant stands convicted until the Court has heard evidence in the trials of the other counts of the indictment. This Court, in severing those trials upon the defense's motion, already ruled that the actions alleged in those counts are unrelated to the crimes for which the defendant has been found guilty. As a consequence, the sentence imposed on the counts of conviction should have no effect on the sentence imposed if the defendant is convicted on the untried counts. Finally, as a practical matter, neither side can evaluate whether to try the other counts without knowing the sentence imposed on the counts of conviction.

In conclusion, the issue is not, as the defense suggests, whether a delay in sentencing would prejudice the People or the defendant. The issue, as already noted, is whether such a delay would be unreasonable. The People respectfully submit that it would, for the reasons detailed above, and therefore we request that sentencing proceed as scheduled.

Respectfully submitted,

MICHAEL E. McMAHON
DISTRICT ATTORNEY

By: Travis Atkinson
Assistant District Attorney

CC: Stephanie Pope, Esq. (via email to SPope@legal-aid.org)
Christina Paliogiannis, Esq. (via email to CPaliogiannis@legal-aid.org)

**GREEN HAVEN CORRECTIONAL FACILITY**
P.O. BOX 4000
STORMVILLE, NEW YORK 12582-4000

NAME: MARio Costello    DIN: #12A2654

GREEN HAVEN
CORRECTIONAL
FACILITY

NEOPOST        FIRST-CLASS MAIL
01/29/2018
US POSTAGE $000.47⁰

ZIP 12582
041L11259010

Hon. Pamela K. Chen
U.S. District Court Judge
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Legal mail

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM

NAME: Thomas Santagata   DIN: 17R0538

Printed on Recycled Paper

LEGAL MAIL