UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
THOMAS ANTHONY SANTAGATA, JR.,

                Plaintiff,

       - against -

POLICE OFFICER EDGARDO DIAZ and
POLICE OFFICER RYAN MCAVOY,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-3053 (PKC) (CLP)

PAMELA K. CHEN, United States District Judge:

Plaintiff Thomas Anthony Santagata, Jr. ("Plaintiff"), currently incarcerated at Gouverneur Correctional Facility, originally filed this *pro se* action in the Southern District of New York on April 12, 2017. (Complaint, Dkt. 2, at 1.) The complaint alleges constitutional violations by two individual police officers, Edgardo Diaz and Ryan McAvoy (collectively, "Defendants"), as well as the City of New York ("the City"), the New York Police Department ("the NYPD"), and the Legal Aid Society. (*Id.* at 2–3.) On May 15, 2017, the Honorable Colleen McMahon ordered that the case be transferred to this Court in the interest of justice. (Transfer Order, Dkt. 4, at 3.) On July 11, 2017, this Court dismissed Plaintiff's claims against the City, the NYPD, and the Legal Aid Society for failure to state a claim. *See Santagata v. City of New York*, No. 17-CV-3053 (PKC) (CLP), 2017 WL 2963453 (E.D.N.Y. July 11, 2017). Summonses were subsequently issued as to Defendants Diaz and McAvoy. (Dkts. 10, 13, 18, 20.) At a pre-motion conference on March 9, 2018, the Court denied Defendant's motion to dismiss on the record, allowing Plaintiff to proceed with his claims against Defendants Diaz and McAvoy for false arrest, unlawful search, and malicious prosecution. (*See* Minute Entry, March 9, 2018 Pre-Motion Conference.) The parties have completed discovery, and Defendants filed a motion for summary judgment on April 5, 2019.

(Dkt. 51.) Presently before the Court is Plaintiff's motion to amend the complaint to assert new claims against the City and New York State. (*See generally* Plaintiff's Motion to Amend ("Pl.'s Mot."), Dkt. 49.) For the reasons stated herein, Plaintiff's motion to amend is denied.

## BACKGROUND

Plaintiff seeks to amend his complaint to assert claims against the City and New York State based on the United States Supreme Court's recent decision in *Timbs v. Indiana*, 139 S. Ct. 682 (2019), and new factual allegations relating to Plaintiff's July 22, 2015 arrest for menacing. (*Id.*)

As his first additional claim, Plaintiff alleges that the City and New York State violated his constitutional right against excessive fines by pursuing a civil forfeiture action against his 2000 Ford Mustang. (*Id.* at ECF[1] 1.) The NYPD seized the vehicle on May 19, 2014 in connection with a then-pending criminal kidnapping case against Plaintiff. (*Id.*) Plaintiff has already attempted, without success, to sue the Legal Aid Society for failing to adequately contest this forfeiture action. *See Santagata*, 2017 WL 2963453, at *2 (dismissing Plaintiff's claim against the Legal Aid Society for failure to state a claim). In light of the Supreme Court's decision in *Timbs*, Plaintiff now seeks to hold the City and NYS liable for pursuing the forfeiture action in the first place. (Pl.'s Mot., Dkt. 49, at ECF 1.) For relief, Plaintiff seeks $10,000, which he alleges was the value of the vehicle at the time it was seized. (*Id.*)

For his second additional claim, Plaintiff seeks to recover $5,000 from the City for due process violations caused by the loss of his personal property. (*Id.* at ECF 2.) After the criminal menacing case against Plaintiff in Richmond County Supreme Court was dismissed on March 26, 2017, Plaintiff attempted to retrieve personal property that was seized in connection with

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Plaintiff's July 22, 2015 arrest from the NYPD Property Clerk. (*Id.*) The Property Clerk informed Plaintiff that, despite the fact that seized property must be retained for at least 90 days after the closure of a criminal case,[2] Plaintiff's property had been "accidentally disposed [of]."[3] (*Id.*)

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its complaint once as a matter of course within 21 days after serving the complaint or within 21 days after a responsive pleading has been served. Fed. R. Civ. P. 15(a)(1). Where, as here, the time for amendment as a matter of course has passed, a party may amend its pleading with the opposing party's written consent or with leave of the Court. Fed. R. Civ. P. 15(a)(2). "The [C]ourt should freely give leave [to amend] when justice so requires." *Id.* Nevertheless, "it is within the sound discretion of the [Court] to grant or deny leave to amend." *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir.2009) (quotation omitted).

Certain factors, "such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party[,] . . . [and] futility of amendment," may justify a district court's decision to deny leave to amend. *Williams v. Citigroup, Inc.*, 659 F.3d 208, 213–

---

[2] Section 12-35 of Title 38 of the New York City Rules and Regulations provides that the NYPD Property Clerk will return seized property if a demand for return is made within 120 days after the termination of criminal proceedings. N.Y.C. R. & Regs. tit. 38 § 12-35(c). Nevertheless, courts in the Second Circuit generally hold that constitutional principles only require that property be retained for 90 days. *Cf. Butler v. Castro*, 896 F.2d 698, 701–02 (2d Cir. 1990); *see also Contant v. City of New York*, No. 09-CV-2851 (WFK) (LB), 2012 WL 1158756, at *5 (E.D.N.Y. Mar. 16, 2012), *report and recommendation adopted*, 2012 WL 1165623 (E.D.N.Y. Apr. 9, 2012).

[3] Because Plaintiff's personal property was seized at the time of his arrest on July 22, 2015, it had been in NYPD custody for almost two years by March 26, 2017. Plaintiff alleges that the lost property includes an Xbox 360, a Playstation, a Nintendo Wii, a Dell desktop computer, a Gateway laptop, 78 packs of cigarettes, $1,257, ten pocket knives, a hunting knife, a machete, a hatchet, a taser, ballistic vest panels, handcuffs, and Plaintiff's New York driver's license. (Pl.'s Mot., Dkt. 49, at ECF 2.)

14 (2d Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As relevant here, the assessment of "futility" turns on whether a proposed pleading would be able to withstand a dispositive pre-trial motion. *See Lieb v. Korangy Publ'g, Inc.*, No. 15-CV-40 (AKT), 2016 WL 8711195, at *5 (E.D.N.Y. Sept. 30, 2016). Thus, an amendment is futile if it would fail to state a plausible claim for relief or if an affirmative defense, *e.g.*, the existence of adequate post-deprivation remedies, is apparent. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

## DISCUSSION

### I. Proposed Excessive Fines Claims

With respect to Plaintiff's desire to add excessive fines claims to his complaint based on the civil forfeiture of his 2000 Ford Mustang, Plaintiff misreads the scope of the United States Supreme Court's decision in *Timbs v. Indiana*.[4] In Plaintiff's view, *Timbs* declares that "seizures/forfeiture[s] of property stemming from a criminal or civil case by a state or local municipality [are] . . . violation[s] of constitutional rights." (Pl.'s Mot., Dkt. 49, at ECF 1.) Based on this understanding of *Timbs*, Plaintiff seeks to name the City and New York State as Defendants liable for pursuing the forfeiture action against his vehicle. (*Id.*)

---

[4] In *Timbs*, the petitioner had pleaded guilty in Indiana state court to dealing in a controlled substance and conspiracy to commit theft. 139 S. Ct. at 686. At the time of his arrest, police had seized the petitioner's Land Rover SUV, which had recently been purchased for $42,000. *Id.* Following the petitioner's guilty plea, Indiana initiated a civil suit for the forfeiture of his vehicle. *Id.* The state trial court found that forfeiture of the vehicle would violate the Excessive Fines Clause of the Eighth Amendment because the maximum monetary fine assessable against the petitioner for his drug conviction was $10,000, while the vehicle was worth more than four times that amount. *Id.* The Indiana Supreme Court overturned the trial court's judgment, holding that the Excessive Fines Clause only applied to the federal government. *Id.* The United States Supreme Court reversed. *Id.* at 691.

4

Notwithstanding Plaintiff's argument, the Supreme Court's holding in *Timbs* is more modest than he suggests. *Timbs* simply determined that "[t]he Excessive Fines Clause [of the Eighth Amendment] is . . . incorporated [against the States] by the Due Process Clause of the Fourteenth Amendment." 139 S. Ct. at 687. This holding establishes that federal and state fines are governed by the same constitutional standards, but that is a far cry from declaring that civil forfeiture proceedings are *per se* unconstitutional. Indeed, the Supreme Court has long acknowledged that the Excessive Fines Clause does not categorically prohibit civil forfeiture actions by the federal government against property associated with the commission of a crime. *See Austin v. United States*, 509 U.S. 602, 621–22 (1993) (holding that where civil forfeiture serves a punitive purpose, it is limited—but not prohibited by—the Excessive Fines Clause). The government may even seek forfeiture of property owned by innocent persons without violating the Eighth Amendment's prohibition on excessive fines. *See United States v. Viloski*, 814 F.3d 104, 109 (2d Cir. 2016) ("[P]urely 'remedial' forfeitures—*i.e.*, those *in rem* forfeitures intended not to punish the defendant but to compensate the Government for a loss or to restore property to its rightful owner—fall outside the scope of the Excessive Fines Clause." (citing *United States v. Bajakajian*, 524 U.S. 321, 329 (1998))); *see also United States v. Contorinis*, 692 F.3d 136, 146 (2d Cir. 2012) ("In civil forfeiture proceedings, the burden often rests on the claimant, who may be an innocent third party, to prove that the property is not subject to forfeiture."); *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 683 (1974) ("[T]he innocence of the owner of property subject to forfeiture has almost uniformly been rejected as a defense.").

In light of these precedents, *Timbs*'s incorporation of the Excessive Fines Clause against the States does not provide Plaintiff with a plausible claim against the City or New York State for the mere pursuit of a civil forfeiture action against his vehicle. As such, Plaintiff's proposed claims

would not survive a dispositive motion. Because adding such claims would be futile, Plaintiff's motion to amend his complaint to add excessive fines claims against the City and New York State is denied.

## II. Proposed Due Process Claim

Plaintiff also seeks to assert a claim against the City based on the NYPD Property Clerk's accidental disposal of his personal property. (Pl.'s Mot., Dkt. 49, at ECF 2.) This additional claim would be brought under the Fourteenth Amendment for the deprivation of property without due process of law. *Cf. Tammaro v. City of New York*, No. 13-CV-6190 (WHP), 2018 WL 1621535, at *5 (S.D.N.Y. Mar. 30, 2018) (construing a claim based on the NYPD's destruction of seized property as brought under the Fourteenth Amendment's Due Process Clause).

To allege a procedural due process violation, "a plaintiff must plead facts sufficient to give rise to a claim that he was deprived of his property without constitutionally adequate pre- or post-deprivation process." *Ahlers v. Rabinowitz*, 684 F.3d 53, 62 (2d Cir. 2012) (quotations omitted). If the alleged deprivation occurs because of a random, unauthorized act by a state employee, such as the accidental loss of confiscated property by a police department's property clerk, the availability of post-deprivation procedures will satisfy due process. *See Dukes v. N.Y.C. Emps.' Ret. Sys.*, 361 F. Supp. 3d 358, 372 (S.D.N.Y. 2019) (stating that an allegation that city officials failed to properly follow established procedures constitutes a claim about random and unauthorized acts); *see also O'Leary v. Town of Huntington*, No. 11-CV-3754 (JFB) (GRB), 2012 WL 3842567, at *12 n.7 (E.D.N.Y. Sept. 5, 2012) ("[B]ecause one must show that the state procedural remedies are inadequate in order to bring a Section 1983 due process claim, the availability and non-use of such procedures would bar a Section 1983 claim." (emphasis omitted)). "Thus, a [due process claim under § 1983] cannot be brought in federal court if the relevant state court provides an adequate remedy for the deprivation of the property at issue." *Pierre v. City of*

6

*New York*, Nos. 12-CV-9462 (LAK) (GWG), 13-CV-3603 (LAK) (GWG), 13-CV-100 (LAK) (GWG), 13-CV-3602 (LAK) (GWG), 2014 WL 56923, at *9 (S.D.N.Y. Jan. 7, 2014) (brackets and quotation omitted). Federal courts have found that New York state courts provide adequate post-deprivation remedies for random and unauthorized property losses through causes of action for negligence, replevin, and conversion.[5] *Fredricks v. City of New York*, No. 12-CV-3734 (AT), 2014 WL 3875181, at *8 (S.D.N.Y. July 23, 2014). Because Plaintiff may seek a remedy in state court for the Property Clerk's loss of his property, he may not assert a due process claim against the City under § 1983, and it would be futile to allow Plaintiff to amend his complaint to add such a claim. Accordingly, Plaintiff's motion to amend the complaint to that effect is denied.

## CONCLUSION

For the reasons stated, Plaintiff's motion to amend the complaint is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 17, 2019
Brooklyn, New York

---

[5] Plaintiff's motion to amend suggests that he has not yet sought a remedy for his property loss through New York state courts. (*See* Pl.'s Mot., Dkt. 49, at ECF 2 ("Please make me aware if this is the wrong venue for these two added claims, and what the appropriate recourse would be . . . .").) However, even if Plaintiff had already brought his claims in state court, the mere existence of adequate post-deprivation remedies in state court bars Plaintiff from asserting a due process claim against the City in this Court. *See O'Leary*, 2012 WL 3842567, at *12 n.7 ("Although one need not exhaust state remedies before bringing a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove as an element of that claim that state procedural remedies are inadequate." (quoting *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988))).