

1/7/22

Your Honor,

I contest Defendants' argument of collateral estoppel, I was denied a full and fair opportunity via my suppression hearings. The Judge ruled that there was exigency based on no evidence nor testimony, even implying there was no exigency: "even assuming exigent circumstances did not exist." Then ruled that officers were given "implied consent" as officer testimony recalled the homeowner saying "he does not live in the residence". I was denied the ability to call my grandmother as a witness to rebut the false claim of consent. There was no evidence of exigency while officers stationed outside the home for three hours, nor stemming from my phone calls with Detective Fogarty. Nor was my trial allowed to litigate the Payton issue like Defendants falsely claim. My trial was merely to determine the evidence of whether I had constructive possession of the illegal contraband obtained from the subsequent search warrant. My public Defender refused to call my grandmother as a witness for the Payton hearing, saying her contradictory testimony about the officers saying

they had entered the home lawfully was not probative. They called one witness simply to detail how there was separate apartments, different locks to doors, and saw separate utility bills, in order to demonstrate the search warrant exceeded its scope by not listing which apartments to be searched. As they were separate and the warrant just said "3 Cascade Street." A mere review of the Payton hearing clearly shows no evidence presented that there was exigency nor consent, clearly shows it was not a "full" nor "fair opportunity", if so, I'd have been given the opportunity to call my grandmother, to rebut or corroborate the officer's implied consent, and the handful of witnesses that were next to my grandmother seated outside the home when speaking to officers.

Point II:

I contest the Defendants' Qualified Immunity argument as they never were in an exigency situation, not once in all three hours, a claim by neighbors that I menaced them with a knife allegedly is not exigency hours later, nor is my refusal to give a statement to officer

Sanfilipo and her partner, while inside the home. Neither is my closing and locking of the front door when they exited the home. Nor was my refusal to exit the home after speaking to cops from the second floor window, and they told me I was not under arrest. Nor was my phone call with Detective Fogarty when I explained the situation to him calmy, told him I was alone in the home and had no weapons, and no intention to do myself harm. Lastly, the statement by my grandmother to the officers that I "did not reside in that home" was not consent, nor "implied consent" like Judge Ozzi ruled it was in his Decision. And the assertion that E.S.U. were told there was a "barricaded perp brandishing a knife at neighbors" way before one officer even arrived to the scene is pure speculation and merely an accusation made by a complainant, not an observation by any officer. Not one "fellow officer" observed any exigent conduct/situation. This is not an argument on probable cause, the complaint was already enough to sustain probable cause, the matter at hand is whether officers had exigency or consent to ignore Fourth Amendment protections; there's been no evidence presented to suggest they did. Even Detective

Fogarty, the Hostage Negotiator, had deemed in his testimony, that Defendants have provided, that he did not view any exigency. Yet, he was the officer to give E.S.U. the approval to illegally enter the private home. His testimony contradicts his order to enter the home. And officers are not allowed to claim exigency solely on the designation of "emotional disturbed person" by any first responder.

Point III:

Defendants assert my claim is time-barred, citing my initial complaint against the arresting officer, NYPD, and city of New York. As a pro se' litigant, I am not held responsible for citing the wrong liable defendants. I did not and should not be expected to know who is liable. It was not a matter of "knowing identities," it was a matter of trying to determine who was liable. The proclamation that I should have known by osmosis is a nonsensical and desperate attempt to evade accountability. And the assumption I was "well-aware" is presumptive and fictitious. When the suppression hearing was held, the arresting officer testified, not any officer from the E.S.U. unit, same as for my trial.

Furthermore, I did not "seek permission" from this Court to add the current Defendants, I was advised that officer McAvoy was not culpable as he allegedly never "entered the home" and that I should amend my Complaint to include the officers that did.

Lastly, I want to point out that Defendants submitting my Certificate of Disposition Indictment has no bearing on this case. I was arrested for menacing, that's why the unlawful entry into the home occurred, not because of the subsequent day's search warrant. Two separate cases and the menacing case was dismissed.

Affixed is a document that is from the District Attorney's office. It shows that officers responded to the scene knowing I was the victim of an "armed mob", not an "emotionally disturbed person", they knew I was menaced, not the other way around. They took a false complaint because I refused to give one, then claimed exigency on that claim, without a single officer witnessing any exigent conduct.

Respectfully,
Thomas Santagata



# OFFICE OF THE
# DISTRICT ATTORNEY OF RICHMOND COUNTY
# SPECIAL INVESTIGATIONS

**To:** Chief Investigator Robert Turbiak
**From:** Detective Investigator Richard Abbate
**Date:** March 15, 2016
**Subj:** INTERVIEW 911 CALLER

---

On Tuesday, March 15, 2016, I located a unidentified 911 caller relative to the case of Thomas Santagata. The caller was identified as Jason Roquez, DOB 12/4/80, residing at 5 Cascade Street Staten Island, phone number 718 979-2812.

Mr Roquez stated that he is friends with Thomas Santagata and lives next door to him. He said he called 911 because he observed a motorcycle gang circle Santagata along with other neighbors who he named as Jack and Steve. He stated the group then broke up and fled the scene before the police arrived.

_____
Detective Investigator

_____
Chief Investigator

[illegible] Santayata St.
Cascade St. Apt-2
Island, NY 10306

Clerk of U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

